# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

THOMAS RIDLEY, an individual

Case No.

Judge:

Plaintiff,

v.

INTERNAL REVENUE SERVICE and
CHARLES P. RETTIG, Internal Revenue
Service Commissioner, and as an individual

Defendants.

_____/

Todd A. Courser (P69829)
TODD A. COURSER & ASSOCIATES, PLLC
Attorney for Plaintiff
455 S. Main St.
Lapeer, MI 48446
(810) 245-0813

_____/

## <u>COMPLAINT AND JURY DEMAND</u>

NOW COMES, Plaintiff, THOMAS RIDLEY ("RIDLEY"), by and through his attorney, TODD A. COURSER and TODD A. COURSER & ASSOCIATES, PLLC, and for his Complaint against the INTERNAL REVENUE SERVICE and CHARLES P. RETTIG states the following:

## **INTRODUCTION**

Plaintiff fully acknowledges that he owes the IRS funds, fully acknowledges that the garnishment power of the IRS is valid, and fully acknowledges that the taxes due need to be paid. The idea that this Plaintiff has to file a lawsuit to get a fair hearing, fair accounting and fair treatment on this issue is outrageous and yet completely understandable. Plaintiff has exhausted all remedies within the IRS and has been met with a refusal to undo the "taking."  Given the lack of ability for the IRS to correct its own conduct, Plaintiff has no other choice but to bring this to this Honorable Court. Plaintiff regrets having to file this lawsuit and is simply asking that this court require the IRS to undo this taking, then remove the penalty and interest, then fairly account for the years in question, and finally refund the amounts of over garnishment.

What the Plaintiff is contesting and asking this Honorable Court to correct is the taking of garnished funds for years in which the Plaintiff owed the IRS and then arbitrarily applying those garnished funds to the year of 2002 where the Plaintiff received no notice of any amounts due and where Plaintiff owed the IRS nothing. (These garnished funds should have been allocated to the years where the Plaintiff actually owed the Defendants.) And then the Plaintiff asks for this court to require the IRS to discontinue its collections actions on this issue.

1.      This case is about the DEFENDANTS unabashedly abusing their badge of authority and misusing their government in an illegal taking of the Plaintiff's garnished funds and applying those funds to a non-existent debt for which the Defendants failed to in any way provide due process, including notice or opportunity to contest such taking. Defendants over many years garnished Plaintiff's paychecks for specific years, not including 2002. The Defendants never informed Plaintiff that there was any amount due for 2002. Defendants informed Plaintiff that his 2002 1040 had not been filed. Plaintiff filed his 2002 showing a refund amount due to him. Defendants agreed in a letter to the Plaintiff that he was due a refund for 2002.  Later, Defendants wrongfully claimed Plaintiff owed in 2002 when he actually was due a small refund. The Defendants took over $170k of garnished funds and applied it to the non-existent 2002 tax debt and then conveniently claimed the issue was too old to review. Plaintiff is seeking to have

the Defendants apply the garnished funds to the actual years for which the funds were garnished, and to have the final 3.5 years of garnished funds refunded to him.

a. The 4 steps Plaintiff is asking from this Honorable Court are as follows:

i. First, require the Defendants to allocate garnished funds to the correct years where there was actually an amount due and owing to the IRS, the period from the year 2003 forward.

ii. Second, require the IRS to refund the excess garnishments taken during the final 3.5 years of garnishment where there was no actual amount due to the IRS. This amount was in the look back period and the returns requesting the refunds were filed on time.

iii. Third, requesting that all interest and penalties be forgiven for all years involved.

iv. Fourth, provide any and all remedies the court feels is appropriate under these conditions.

2.    Defendants, by and through the Internal Revenue Service, has used their powers and procedures as a weapon to the detriment against the Plaintiff.

3.    Plaintiff has suffered from Multiple Sclerosis for many years and because of this ongoing issue with the Defendants has been harmed emotionally, physically, and monetarily. His physical health and abilities are deteriorating.

4.    Plaintiff prays that this court would review this case and require the Defendants correct the accountings to accredit the garnished funds to the years for which they were garnished and then refund the excess garnishments that went on for an additional 3.5 years past the amount due from the Plaintiff.

## JURISDICTION and VENUE

5.    This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. §§ 1962 and 1964 and applicable state law.

3

6.      This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. §§1983 and 1985 and applicable state law.

7.      This Court also has original jurisdiction pursuant to 28 U.S.C. Section § 1331 (as this action involves a federal question and the laws of the United States) and 28 U.S.C. Section § 1343 (as this action involves the right to recover damages for injury and the deprivation of rights and privileges).

8.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. Section § 1367  over Plaintiff's state-law claims that are related to, and form part of, the same case or controversy. It is appropriate  that this Court exercise  supplemental jurisdiction  over the state-law claims  because they  involve  the same  parties  and operative  facts  as  the  federal  claims.  Therefore,  the Court's exercise  of supplemental jurisdiction will further economy, convenience, and fairness to the parties.

9.      Plaintiff also seeks declaratory and injunctive relief as authorized by Rules 57 and 65 of the Federal Rules of Civil Procedure and by the general legal and equitable powers of this Court.

10.      Venue is proper in this Court pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because all Defendants are active in the State of Michigan and were found in, have an agent in, and conduct business and affairs in the Eastern District of Michigan.  Further, a substantial part of the events or omissions of this Complaint occurred within the Eastern District of Michigan.

11.      Declaratory Relief is authorized Fed. R. Civ. P. 57.

12.      Plaintiff requests trial by jury, pursuant to Fed. R. Civ. P. 38.

13.      The amount in controversy exceeds $75,000.00.


## PARTIES

14.      Plaintiff THOMAS RIDLEY ("Ridley") is an individual residing in Oakland County, Michigan.

15.    Defendant  INTERNAL REVENUE SERVICE ("IRS") is a public agency with its registered office located in this courts Eastern Michigan District.

16.    Defendant  CHARLES P. RETTIG  ("Rettig") is an individual  who is the Commissioner of the Internal Revenue Service.


## FACTUAL BACKGROUND and COMMON ALLEGATIONS

17.    Plaintiff, due to a host of medical and other issues, failed to file his tax returns from 2003 through 2017 and had various amounts due to the IRS for years 2003 through 2017. Plaintiff is now current on his filings with the IRS.

18.    The IRS sent garnishment notices to the State of Michigan, Plaintiff's employer (Plaintiff works for the State of Michigan as a guard at the Thumb Area Correctional Facility), to garnish paychecks of the Plaintiff for tax years 2003 through 2017. The IRS did not send notices of garnishment or past due notices related to the 2002 tax year nor was there any collections action or notice regarding the 2002 1040 return. Plaintiff does not dispute the garnishment power but again does dispute the application of the garnished funds to a fabricated debt from 2002.

19.    Plaintiff hired Counsel to work through filing past unfiled returns and past due amounts with the IRS.

20.    Counsel contacted the IRS and was informed that the unfiled returns were from 2003 forward to present.

21.    Counsel gathered the needed documents, prepared the unfiled returns and filed each with the IRS.

22.    In the Fall of 2017, Counsel was then informed by the IRS that the IRS had no record of Plaintiff filing his 2002 1040 return. At the IRS instruction Counsel prepared the 2002 1040 return.

23.    Counsel then prepared the 2002 tax return and filed it with the IRS; this return showed that Plaintiff was due a small refund of $889.00.

24.    On November 7, 2017, the 2002 1040 was filed with the IRS.

25.    On May 4, 2018, the IRS responded with a letter stating that they had corrected Plaintiff's 2002 1040 return stating he had an overpayment of $132.00.

26.    On June 5, 2018, the IRS sent another letter showing the disallowance of the 2002 tax refund claim of $132.00 as well as a note to the side stating the application of $170,723.26 of garnished funds to the 2002 tax year. Plaintiff never owed any money for the 2002 tax year and the IRS had never garnished any of the funds for the 2002 tax year nor had it ever sent notices related to any amounts owing for the 2002 tax year.

27.    Plaintiff never owed anything to the IRS for 2002 tax year, which was acknowledged in the IRS letter dated May 4, 2018.

28.    On June 5, 2018, Plaintiff received a letter stating that the IRS had kept the $132.00 2002 tax refund and off to the side of the letter there was a figure of $170,732.26.

29.    Neither Plaintiff nor Counsel understood what the letter meant by the $170k and so a dozen or more calls were  placed to the IRS to gain an understanding of what this meant. The IRS staff had no idea and it took a series of months to come to comprehension. Counsel was informed by the IRS that the IRS had applied $170k of garnished funds from years 2003 through 2017 to the tax year 2002 even though there was never any amount actually due to the IRS for the 2002 tax year nor had the IRS ever claimed in its garnishment notices that any of its garnishments should be applied to the 2002 tax year. In effect the IRS had taken the garnished funds without notice or due process and applied it to the 2002 tax year in which the Plaintiff did not owe the IRS anything at all.

30.    Plaintiff, through Counsel, responded as required with the return of the notice contesting the application of the funds from the 2003 through 2017 tax year garnishments to the 2002 tax year and stated as the reason being that there was never any amount due for the 2002 tax year.

31.    The June 5, 2018 letter from the IRS acknowledges that there were payments received by the IRS from February 26, 2009 through October of 2014 and that those payments were applied to the 2002 1040 amount due and were therefore barred from being refunded. Plaintiff never owed anything for the 2002 tax year,

but owed for the years 2003 through 2017 in which the IRS did indeed garnish his paychecks. The funds garnished should be applied to the tax years 2003 through 2017 for which the garnishment procedures were followed, proper garnishment notices were sent out and for which there was actually an amount due to the IRS.

32.   The IRS' "garnishment payments" were in fact takings by the IRS of funds that were supposed to be used to pay for specific years, 2003 through 2017, where there was actually an amount due to the IRS.

33.   Plaintiff does not dispute the garnished funds but does dispute that the IRS can apply the garnished funds to the 2002 tax year, a year in which the IRS itself states that Plaintiff owed the IRS nothing.

   a. Conveniently, even though the "taking" took place in mid 2018 the IRS claimed that the issue was too old to review and all attempts including dozens of phone calls were rejected.

34.   Plaintiff asks that this court require the IRS to apply the garnished funds taken for the 2002 tax year where no taxes were due and apply them to the 2003 through 2017 tax years in which Plaintiff actually owed taxes to the IRS.

35.   Plaintiff was garnished by the IRS in, among other years and amounts:

   a.   2010 for $33,833.97

   b.   2011 for $32,517.80

   c.   2012 for $32573.94

   d.   2013 for $30,173.63

   e.   2014 for $25,256.67

   f.   2015 for $29,954.01

   g.   2016 for $31,316.45

   h.   2017 for $12,895.38

36.    Plaintiff owed taxes to the IRS for tax years after 2002, various tax years from 2003 through 2017, and the garnished funds should be applied to those years in question not to the 2002 tax year.

37.    Plaintiff has been garnished at least $261,000 during the years he owed the IRS funds and those garnishments should have gone to the tax years in which the garnishments were properly filed. And should not be allocated to the year of 2002 where Plaintiff owed nothing to the IRS.

38.    Plaintiff has been over-garnished and should receive the over amounts that fall within the proper 3.5 years of look back, as a refund of excess garnishments or overpayment.

39.    Plaintiff requests that the IRS, due to Plaintiff's health and financial hardship, wave the penalty and interest for the amounts due on the years in question.

## COUNT 1
## VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS UNDER 42 U.S.C. § 1983, VIOLATIONS OF THE "TAKINGS CLAUSE" OF THE CONSTITUTION, AS WELL AS THE 14TH AMENDMENT.

40.     Plaintiff restates and incorporates as if set forth fully herein all preceding allegations contained in this Complaint.

41.     Based on the facts set forth  herein and in the proceeding  paragraphs, Defendants are liable to Plaintiff for violation of his civil rights under 42 U.S.C. § 1983.

42.     Pursuant to 42 U.S.C. § 1983, every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state, subjects, or causes  to  be subjected,  any citizen of the United States to the deprivation  of any rights, privileges, or immunities  secured by the Constitution  and laws, shall be liable  to  the  party  injured  in  an  action  at  law,  suit  in  equity,  or  other  proper proceeding for redress.

43.    Defendants are federal actors acting under the color of law acting in their capacity as the Internal Revenue Service and the Internal Revenue Service Commissioner in the United States of America.  In that capacity, Defendants abused their badges of authority and misused their government station for pecuniary gain and revenge.

44.    Defendants' actions demonstrate that they acted in complete and clear absence of jurisdiction.

45.    Defendants' efforts to apply said garnished funds at a time when they had no jurisdiction violated Plaintiff's rights as guaranteed by the Fourteenth Amendment to the United States Constitution.

46.    Defendants' failure to advise Plaintiff of lack of authority to apply said garnishments violated Plaintiff's rights as guaranteed by the 14th Amendment of the United States Constitution.

47.    Indeed, Defendants' actions were undertaken with reckless disregard or callous indifference to the Constitutional rights of Plaintiff.

48.    The conduct of these Defendants, under the color of law, offends the community's sense of fair play and decency.

49.    Defendants acted maliciously, recklessly, intentionally, or by reason of  gross negligence or violation of the law and are therefore liable to Plaintiff.

50.    The actions of Defendants  deprived  Plaintiff of his rights and privileges secured by the Constitution and laws. In fact, Defendants, when acting under color of Federal law, must respect fundamental human rights.

51.    These guarantees were violated when Defendants deprived Plaintiff of liberty and failed to respect decencies of civilized conduct to the extent that it "shocks  the conscience."  This occurred, in part, when Defendants failed to provide notice, and review of the "taking" without jurisdiction.  When Defendants deprived Plaintiff of due process of law so comprehensively as to "shock the conscience" in violation of the due process clause of the United States Constitution and the Michigan Constitution.

52.    These Defendants violated Plaintiff's rights under the Fourteenth Amendment. The Amendment's guarantee that these Defendants, when acting under color of Federal law, must respect fundamental human rights.

53.    These Defendants violated Plaintiff's substantive rights under the Due Process Clause of the Fourteenth Amendment not to be deprived of liberty and property without due process of law.

54.    These Defendants also violated Plaintiff's substantive rights under the Equal Protection Clause of the Fourteenth Amendment not to be deprived of equal protection of the laws.

55.    These Defendants also violated Plaintiff's rights under the Fourth Amendment to be secure in their person and property and free of unreasonable seizure when they illegally and unlawfully subjected Plaintiff to "taking" without consent. To be free from unreasonable seizure when they illegally and unlawfully authorized government agencies to confiscate and seize Plaintiff's property without a warrant or probable cause.

56.    The Fourteenth Amendment's Due Process Clause incorporates and renders applicable to the States Bill of Rights protections fundamental to our scheme of ordered liberty and deeply rooted in this Nation's history and tradition.

57.    Protection against excessive fines has been a constant shield throughout this Nation's history for good reason. Such fines undermine Plaintiff's liberties.

58.    Such fines are also being used in this case, not in service of any just punishment, but instead as a source of revenue for Defendants.

59.    Defendants violated Plaintiff's Constitutional rights when they assessed a fine of $170k (approximate) then added interest and penalties to their false 2002 1040 calculation without jurisdiction.

60.    Defendants eliminated due process of Plaintiff when they engaged in collection actions for the 2002 tax year.

61.    As a direct and proximate result of Defendants' acts, Plaintiff suffered harm.

62.    Defendants' use of their badges of authority as the Internal Revenue Service and Internal Revenue Service Commissioner to seize Plaintiff's property without jurisdiction violated the rights of Plaintiff as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and the Michigan Constitution.

63.    Defendants are jointly, severally, and/or alternatively liable to Plaintiff for all of his injuries and damages.

WHEREFORE, As a result of Defendants' actions and conduct, Plaintiff has suffered damages in an amount of no less than $75,000.00 for the injuries sustained plus additional damages as may be proven to compensate them for losses and damages demanded in this Complaint, plus exemplary and punitive damages, together with interest, costs, and actual attorney's fees incurred in maintaining this matter, and for such further relief as the Court deems appropriate.

## COUNT 2
## VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS UNDER 42 U.S.C. § 1983

64.    Plaintiff restates and incorporates as if set forth fully herein all preceding allegations contained in this Complaint.

65.    Charles P. Rettig was aware that the Internal Revenue Service used its position to attempt to destroy Plaintiff by using garnished funds due for other years and apply said funds to a year in which the Plaintiff owed the IRS nothing.

66.    Indeed, it was no secret that the Internal Revenue Service has been investigated previously for violation of Constitutional Rights of Taxpayers.

67.    Indeed, Charles P. Rettig knew that the Internal Revenue Service was actively participating in a scheme to harm Plaintiff. Charles P. Rettig had knowledge that the Internal Revenue Service was violating the law and acting without jurisdiction to the detriment of Plaintiff. Charles P. Rettig purposely turned a blind eye or in the very least was deliberately indifferent to the Internal Revenue

Service's action because he did not take action to remedy the situation and prevent further harm.

68.     Thus, Charles P. Rettig has sat idly by when the Internal Revenue Service was violating the law and acting without jurisdiction.

69.     Had Charles P. Rettig not been deliberately indifferent, this case would have been handled long ago without Plaintiff suffering the indignity, mental distress, and expense caused by this seizure of Plaintiff's property without jurisdiction.

WHEREFORE, As a result of Defendants' actions and conduct, Plaintiff has suffered damages in an amount of no less than $75,000.00 for the injuries sustained plus additional damages as may be proven to compensate them for losses and damages demanded in this Complaint, plus exemplary and punitive damages, together with interest, costs, and actual attorney's fees incurred in maintaining this matter, and for such further relief as the Court deems appropriate.

## COUNT 3
## VIOLATION OF 42 U.S.C. § 1985

70.     Plaintiff restates and incorporates as if set forth fully herein all preceding allegations contained in this Complaint.

71.     Based on the facts set forth herein and in the proceeding paragraphs, all of the Defendants are liable to Plaintiff for conspiracy to violate their constitutional rights under 42 U.S.C. § 19.

72.     Defendants acted maliciously, recklessly, intentionally, or by reason of gross negligence or violation of the law and are therefore liable to Plaintiff.

73.     The actions by Defendants demonstrate a well-organized plan to damage Plaintiff in order to satisfy their own reputations and standing within their employment.

74.     Defendants and/or an agent thereof engaged in a concerted action.

75.     The action was designed to accomplish either an illegal, unethical, or unlawful purpose, or a lawful purpose by illegal, unethical, or unlawful means.

76.     As a result of the Defendants' and/or an agent's, thereof illegal, wrongful, or tortious acts, Plaintiff sustained damages.

77.     Defendants are jointly, severally, and/or alternatively liable to Plaintiff for all of his injuries and damages.

78.     As a direct and proximate cause of the violations described in this Complaint, Plaintiff has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, legal expenses, and loss of earning capacity. Plaintiff is entitled to compensatory, exemplary, and punitive damages.

WHEREFORE, As a result of Defendants' actions and conduct, Plaintiff has suffered damages in an amount of no less than $75,000.00 for the injuries sustained plus additional damages as may be proven to compensate them for losses and damages demanded in this Complaint, plus exemplary and punitive damages, together with interest, costs, and actual attorney's fees incurred in maintaining this matter, and for such further relief as the Court deems appropriate.

## COUNT 4
## ABUSE OF PROCESS and POWER

79.     Plaintiff restates and incorporates as if set forth fully herein all preceding allegations contained in this Complaint.

80.     Defendants harbored bad motives which then manifested in taking without jurisdiction.

81.     The tactics and procedures Defendants demonstrated were driven by a bad and improper motive to treat Plaintiff unfairly under the law and cause Plaintiff damages.

82.    The tactics, procedures, and bad motive are corroborated by Defendants' actions without jurisdiction.

WHEREFORE, As a result of Defendants' actions and conduct, Plaintiff has suffered damages in an amount of no less than $75,000.00 for the injuries sustained plus additional damages as may be proven to compensate them for losses and damages demanded in this Complaint, plus exemplary and punitive damages, together with interest, costs, and actual attorney's fees incurred in maintaining this matter, and for such further relief as the Court deems appropriate.

## COUNT 5
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83.    Plaintiff restates and incorporates as if set forth fully herein all preceding allegations contained in this Complaint.

84.    The Defendants' assessment of a fine of $170k for the 2002 1040 and then added interest and penalties without jurisdiction is widely regarded as extreme and outrageous conduct.

85.    The Defendants' actions were intentional and knowingly without jurisdiction and were done with reckless disregard to the harm that might be caused to Plaintiff.

86.    As the result of the actions of Defendants, Plaintiff has suffered severe emotional distress.

WHEREFORE, As a result of Defendants' actions and conduct, Plaintiff has suffered damages in an amount of no less than $75,000.00 for the injuries sustained plus additional damages as may be proven to compensate them for losses and damages demanded in this Complaint, plus exemplary and punitive damages, together with interest, costs, and actual attorney's fees incurred in maintaining this matter, and for such further relief as the Court deems appropriate.

## COUNT 6
## CONSPIRACY and CONCERT OF ACTIONS

87.    Plaintiff restates and incorporates as if set forth fully herein all preceding allegations contained in this Complaint.

88.    Defendants acted tortiously.

89.    Defendants knowingly acted without jurisdiction.

90.    Defendants acted pursuant to a common design.

91.    At all relevant times, Defendants engaged in concerted activities described in the preceding paragraphs by express or implied agreement.

92.    This concerted action was intended to, among other things, cause Plaintiff harm and damage as described in this Complaint.

93.    Plaintiff is not able to identify all of the activities of Defendants due to the generic similarity of such activities engaged in and promoted by Defendants and/or an agent thereof; but has provided details herein of activities engaged in and promoted by Defendants.

94.    As a direct and proximate result of Defendants' concerted activities, Plaintiff has sustained, and will continue to sustain, severe injuries and damages.

95.    Due to the concert of action among Defendants and/or an agent thereof, each is liable to Plaintiff for these injuries and damages even if there was no directed relation to the aforementioned activities conducted by any one particular person, party, or agent thereof.

96.    Defendants are jointly, severally, and/or alternatively liable to Plaintiff for all of his injuries and damages.

97.    Plaintiff is entitled to exemplary and punitive damages.

98.    As a direct and proximate cause of the violations described in this Complaint, Plaintiff has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, legal expenses, and loss of earning capacity. Plaintiff is entitled to compensatory, exemplary, and punitive damages.

WHEREFORE, As a result of Defendants' actions and conduct, Plaintiff has suffered damages in an amount of no less than $75,000.00 for the injuries sustained plus additional damages as may be proven to compensate them for losses and damages demanded in this Complaint, plus exemplary and punitive damages, together with interest, costs, and actual attorney's fees incurred in maintaining this matter, and for such further relief as the Court deems appropriate.

## COUNT 7
## DECLARATORY RELIEF

99.    Plaintiff restates and incorporates as if set forth fully herein all preceding allegations contained in this Complaint.

100.   Plaintiff seeks declaratory relief stating that the actions of Defendants were unconstitutional and that Defendants acted without jurisdiction, causing Plaintiff ongoing damages.

101.   Plaintiff seeks declaratory relief stating that the actions of Defendants violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment not to be deprived of liberty and property without due process of law.

102.   Plaintiff seeks declaratory relief stating that the actions of Defendants violated Plaintiff's substantive rights under the Equal Protection Clause of the Fourteenth Amendment not to be deprived of equal protection of the laws.

103.   Plaintiff seeks declaratory relief stating that the actions of Defendants violated Plaintiff's rights under the Fourth Amendment to be secure in their person and property and free of unreasonable seizure when they illegally and unlawfully subjected Plaintiff to seizure of garnished funds for the 2002 1040 without consent.

104.   Plaintiff seeks declaratory relief stating that the actions of Defendants violated Plaintiff's rights under the Fourth Amendment to be secure in their person and property and free of unreasonable seizure when they illegally and unlawfully confiscated and seized Plaintiff's property without due process.

105.  Plaintiff seeks declaratory relief stating that the actions of Defendants violated Plaintiff's rights under the Eight Amendment's Excessive Fines Clause, which includes state impositions.

106.  An actual controversy exists concerning whether the actions taken by Defendants were constitutional.

107.  A judicial determination resolving this actual controversy IS   necessary and appropriate at this time.

WHEREFORE,   Plaintiff requests this Court enter declaratory judgment stating that Defendants' actions were and continue to be unconstitutional and that Plaintiff has suffered damages in  an  amount  of  no  less than  $75,000.00  for  the injuries sustained plus additional damages as may be proven to compensate them for losses and damages demanded in this Complaint,  plus   exemplary   and punitive damages,  together  with  interest,  costs,  and  actual attorney's fees incurred in maintaining this matter, and for such further relief as the Court deems appropriate.

## COUNT 8
## INJUNCTIVE RELIEF

108.  Plaintiff restates and incorporates the preceding paragraphs as though set forth fully herein all preceding allegations contained in this Complaint.

109.  Defendants' actions are unconstitutional.

110.  Defendants have acted without jurisdiction.

111.  Defendants continue to act in an unconstitutional manner and without jurisdiction.

112.  In the event that the Court determines Defendants' actions were improper, the Court should issue an order to provide an equitable remedy.

113.  Plaintiff does not have a plain, speedy, and adequate remedy in the ordinary course of law.

WHEREFORE, Plaintiff requests this Court enter injunction relief stating that Defendants' actions were and continue to be unconstitutional and further

stating that Plaintiff has suffered damages in an amount of no less than $75,000.00 for the injuries sustained plus additional damages as may be proven to compensate them for losses and damages demanded in this Complaint, plus exemplary and punitive damages, together with interest, costs, and actual attorney's fees incurred in maintaining this matter, and for such further relief as the Court deems appropriate.

Respectfully submitted,

TODD A. COURSER & ASSOCIATES, PLLC


Dated: June 3, 2020

_____

Todd A. Courser (P69829)
Attorney for Plaintiff
455 S. Main St.
Lapeer, MI  48446
(810) 245-0813

## **VERFICATION**

I, TODD COURSER, being first duly sworn, deposes and says that I am the plaintiff in the above-entitled cause. I am familiar with the facts at issue in this case. I have read the foregoing Complaint and know its content, that to the best of my knowledge, information and belief, the contents therefore are true.


DATED: June 3, 2020                    /s/Thomas Ridley

                                       Thomas Ridley

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, by and through his attorney TODD A. COURSER hereby demand a trial by jury in the above entitled matter as to all issues and claims for which a jury trial is allowed.


Respectfully submitted,

TODD A. COURSER & ASSOCIATES, PLLC


Dated: June 3, 2020             */s/Todd A. Courser*

Todd A. Courser (P69829)
Attorney for Plaintiff
455 S. Main St.
Lapeer, MI  48446
(810) 245-0813