UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS RIDLEY,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

_____/

Case No. 3:20-cv-11439

District Judge Robert H. Cleland
Magistrate Judge Kimberly G. Altman

## **REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (ECF No. 21)**[1]

### I.    Introduction

This is a tax case.  Plaintiff Thomas Ridley ("Ridley") brings this action challenging the collection of his federal income tax liability for 2002.  Defendant United States of America ("the Government") filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), which has been referred to the undersigned for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  *See* ECF No. 11.

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

For the reasons set forth below, it is RECOMMENDED that the

Government's motion to dismiss (ECF No. 21) be GRANTED IN PART AND

DENIED IN PART.[2]

## II.    Procedural and Factual Background

Ridley filed his original complaint on June 3, 2020 (ECF No. 1) and an

amended complaint on March 15, 2021 (ECF No. 16).[3]  In the amended complaint,

he states that he owed federal income taxes for the years 2003 through 2017, and

that the Government garnished his wages for those years.  (ECF No. 16,

PageID.101).  He alleges that the Government allocated funds garnished for those

years to tax year 2002, for which he claims he owed no taxes.  (*Id*.). Ridley states

that when the Government informed his attorney that it had never received his 2002

tax return, counsel prepared and filed a 2002 return on November 7, 2017.  (*Id*.,

PageID.103).  The return claimed an overpayment of $132.00.  (*Id*., PageID.103-

104).  Ridley states that on June 5, 2018, the Government sent him a letter

disallowing the tax refund claim of $132.00, and applying $170,723.26 of the funds

---

[2]As will be explained, in the Government's reply brief, it withdraws part of
its argument that Ridley's refund claim for his 2002 income tax year (Count I of the
amended complaint) was untimely under 26 U.S.C. § 6532(a)(1).  Thus, the
Government concedes that a portion of Count I states a claim for relief.

[3] The Government moved to dismiss the original complaint (ECF No. 14).
Upon Ridley's filing of the amended complaint, the Government withdrew its
motion to dismiss.  (ECF No. 18).

garnished for 2003-2017 to the 2002 tax year.  (*Id*., PageID.104).  He asserts that the letter also stated that payments the Government received from February 26, 2009 through October of 2014 were applied to the 2002 tax amount due, "and were therefore barred from being refunded."  (*Id*., PageID.108).  Ridley contends that he "never owed anything for the 2002 tax year."  (*Id*.).

Attached to the amended complaint as Exhibit 5 is Ridley's IRS Account Transcript, which shows that the government prepared a substitute tax return for Ridley for 2002.  It notes that he had received a six-month extension of time to October 15, 2003 to file his 2002 return, and on June 21, 2004 was sent an "inquiry for non-filing of tax return.  On June 7, 2005, the IRS sent him a "final notice before tax is determined by IRS."  (ECF No. 16-1, PageID.138).  The substitute tax return was secured on October 26, 2005, and penalty and interest were charged.  (*Id*., PageID.139).  In December of 2008, the Government issued a collection due process Notice of Intent to Levy, and garnishment of Ridley's wages began on February 26, 2009.  (*Id*.).  Funds garnished between February 2009 and August, 2015 were applied to Ridley's tax liability for the 2002 tax year.  (*Id*., PageID.139-144).

Ridley brings the following causes of action:

Count I: Violation of 26 U.S.C. § 7422.

Count II:  Violation of the Fifth Amendment Takings Clause.

Count III:  Violation of the Fourteenth Amendment Due Process and Equal Protection Clauses.

Count IV:  Violation of the Uniformity Clause of the Constitution.

Count V:  Injunctive and Declaratory Relief.

Attached to Ridley's response is a second claim denial letter, dated June 5, 2018, which is substantially identical to one that was sent on May 4, 2018.  (ECF No. 22, PageID.249).[4]  In its reply brief, the Government concedes that following its May 4, 2018 disallowance letter, "Mr. Ridley subsequently filed a response attaching a largely identical claim disallowance letter dated June 5, 2018—*i.e.*, within two years of the commencement of this action on June 3, 2020."  (ECF No. 25, PageID.264).  The Government therefore withdraws part of its argument that Ridley's refund claim that forms the basis of Count I was untimely and asks the Court to treat its motion "as a partial motion to dismiss, as Mr. Ridley is still barred from seeking a refund of amounts paid prior to May 7, 2014, pursuant to 26 U.S.C. § 6511(b)(2)(A)."  (*Id.*, PageID.263).

---

[4] The May 4, 2018 denial letter is attached to the amended complaint as Exhibit 3.  (ECF No. 16-2, PageID.131).

III.   Legal Standards

The Government has moved to dismiss under Rule 12(b)(1) and 12(b)(6).

Challenges to the Court's subject matter jurisdiction are brought under Fed. R. Civ.

P. 12(b)(1).  The party opposing a Rule 12(b)(1) motion "bears the burden of

proving jurisdiction."  *EEOC v. Hosanna–Tabor Evangelical Lutheran Church &*

*Sch.*, 597 F.3d 769, 776 (6th Cir. 2010), *rev'd on other grounds*, 565 U.S. 171

(2012).  Dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate where a plaintiff

lacks standing. *Ward v. Alternative Health Delivery Systems, Inc.*, 261 F.3d 624,

626 (6th Cir. 2001).  A facial 12(b)(1) attack, like the one present here, "questions

merely the sufficiency of the pleading,"  *Gentek Bldg. Prods., Inc. v. Sherwin-*

*Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v.*

*United States*, 922 F.2d 320, 325 (6th Cir. 1990)), and require the Court to "take[ ]

the allegations in the complaint as true."  (*Id.*).

When deciding a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6), the Court must "construe the complaint in the light most

favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684

F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal

quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action …").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

IV.   Analysis

A.   Count I

Count I asserts that the Government "wrongfully took the garnished funds of Ridley and applied them to a non-existent debt."  Count I is premised on 26 U.S.C. § 7422(a), which provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Such actions are subject to a two-year limitation period under 26 U.S.C. § 6532(a)(1), which provides:

> (1) General rule.  No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

This limitations period is jurisdictional.  *See Thomas v. United States*, 166 F.3d 825, 828-29 (6th Cir. 1999) (quoting *Martin v. United States,* 833 F.2d 655, 658–59 (7th Cir.1987) ("A timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit.")).

Here, Ridley filed his 2002 return on November 7, 2017, claiming a refund of $132.00.  The Government treated this as an administrative refund claim, and denied it in its letters sent on May 4, and June 5, 2018.  In its initial motion, the Government argued that given the two-year limitations period, his federal court action should have been commenced on or before May 4, 2020, but since the complaint was not filed until June 3, 2020, it was jurisdictionally barred in its entirety.  However, the Government now acknowledges that the IRS sent a second denial letter on June 5, 2018, and that Ridley's June 3, 2020 complaint is therefore timely under the second denial letter.  The Government also states that under IRS Notice 2020-23, 2020 WL 1819026 (April 11, 2020), the deadline was extended for

"[s]pecified time-sensitive action due to be performed on or after April 1, 2020, and before July 15, 2020," including "bringing suit upon a claim for credit or refund of any tax," in view of the COVID-19 pandemic.  (ECF No. 25, PageID.264).  Under the two-year limitations period of 26 U.S.C. § 6532(a)(1), the filing of Ridley's complaint was "due to be performed" within the time period set forth in the IRS Notice.  The Government therefore agrees that Ridley's complaint is timely for a refund claimed owing after May 7, 2014 regardless of which denial of claim letter controls.  (ECF No. 25, PageID.264).

However, the Government further argues that "Count I remains barred by sovereign immunity to the extent that it purports to seek a refund of the tax paid by Mr. Ridley prior to May 7, 2014—that is, more than 3.5 years prior to the filing of his delinquent 2002 return constituting an administrative claim for refund."  (*Id*., Page ID.264-265).  The United States may not be sued unless sovereign immunity is waived by Congress.  *See Gaetano v. United States*, 994 F.3d 501, 506 (6th Cir. 2021) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.") (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).  Sovereign immunity is jurisdictional, and any waiver is strictly construed in favor of the Government.  *Id*..  In 28 U.S.C. § 1346(a)(1), Congress enacted a limited waiver of sovereign immunity in cases where a party seeks recovery of an allegedly improper tax assessment or penalty:

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

The Government bases its sovereign immunity argument on 26 U.S.C. § 6511(b)(2)(A), which provides:

(2) Limit on amount of credit or refund.

(A) Limit where claim filed within 3-year period.  If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.[5]

The limitation period in § 6511(b)(2)(A) is jurisdictional.  *See Lee v. United States*, 66 F.3d 326 (Table), 1995 WL 527373, *4 (6th Cir., Sept. 6, 1995); *accord Voulgaris v. United States Dep't of Treasury*, No. 17-13129, 2018 WL 4220392, *3 (E.D. Mich. Sept. 5, 2018) (Cohn, J.).

The IRS Account Transcript attached to the amended complaint shows that Ridley was granted a six-month extension to file his 2002 return.  (ECF No. 16-1,

---

[5] Section (a) provides that an administrative claim must be filed within three years of when the return was filed.  In this case, Ridley filed his return, with a claim for a refund, on November 7, 2017.

PageID.138).  Therefore, under § 6511(b)(2)(A), his claim is limited to the amount paid starting three years and six months before he filed his claim on November 7, 2017, and no earlier.  This means that any claims seeking a refund before May 7, 2014 (three years and six months from November 7, 2017) are jurisdictionally time barred.  As such, Count I should be dismissed as to any claim for a refund prior to May 7, 2014.

### B.    Counts II through IV

In Counts II through IV, Ridley seeks monetary damages, including punitive damages against the Government for alleged constitutional violations: Count II alleges violation of the Takings Clause; Count III alleges Due Process and Equal Protection violations; and Count IV alleges violation of the Uniformity Clause.[6]

As discussed above, the United States may not be sued absent a waiver of sovereign immunity.  In Counts II through IV, Ridley is essentially bringing a constitutional tort action under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  A *Bivens* claim against a person acting under color of federal law, alleging a violation of a right secured by the constitution, is analogous to a claim under 42 U.S.C. § 1983 against a person acting under color of state law.  However, while a *Bivens* claim can be brought against an individual federal agent, it may not

---

[6] To the extent that Counts II through IV also seek injunctive and declaratory relief, it will be discussed in the following section.

be brought against a federal agency.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486

(1994) (declining to extend a *Bivens*-type action to a federal agency); *Lee v. United*

*States*, No. 21-11445, 2021 WL 4942766, at *3 (E.D. Mich. Oct. 22, 2021)

(Lawson, J.) ("*Bivens* claims may be brought only against 'a *person* acting under

color of law' ") (quoting *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014))

(emphasis in original in *Lee*).  Moreover, the Federal Tort Claims Act ("FTCA"),

28 U.S.C. § 1346(b)(1), which " 'waived the sovereign immunity of the United

States for certain torts committed by federal employees' acting within the scope of

their employment," *Brownback v. King*, 141 S. Ct. 740, 746 (2021) (citing *Meyer*,

510 U.S. at 475-76), did not waive sovereign immunity as to the United States or

any of its agencies.  *Lee*, at *3 ("But the FTCA does not extend to constitutional or

other federal claims against the United States.").[7]

Moreover, even if Counts II through IV were construed to claim wrongful

collection of taxes, they still fail.  Under in 26 U.S.C. § 7433(a):

> If, in connection with any collection of Federal tax with respect to a
> taxpayer,  any officer  or employee  of the  Internal Revenue  Service

_____

[7] In any event, the FTCA contains an exception for "[a]ny claim arising in
respect of the assessment or collection of any tax or customs duty."  28 U.S.C. §
2680(c).  *See McCarthy v. Koskinen*, No. 18-cv-10984, 2018 WL 4333958, at *2
(E.D. Mich. Sept. 11, 2018) (Steeh, J.) ("While the FTCA waives sovereign
immunity with respect to certain actions, those connected with the assessment or
collection of taxes 'are expressly excluded from the waiver' ") (quoting *Fishburn v.
Brown*, 125 F.3d 113, 115 (6th Cir. 1988)).

recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

An action under § 7433 "shall be the exclusive remedy for recovering damages" in connection with the collection of taxes by the IRS.  26 U.S.C. § 7433(a); *see also Portsmouth Ambulance, Inc. v. United States*, 756 F.3d 494, 503 (6th Cir. 2014).   None of the damages claims asserted in Counts II through IV of the amended complaint alleges a wrongful collection action that is prohibited by the Internal Revenue Code or the Treasury Regulations.  Rather, they allege claims for purported constitutional violations which are not viable.  *See, e.g., Sachs v. United States ex rel. Internal Revenue Service*, 59 Fed. App'x 116, 118-19 (6th Cir. 2003) (emphasizing that "[a] successful claim under [26 U.S.C.] § 7433 can only occur . . . when [the Internal Revenue Code], or a regulation promulgated thereunder, is violated[,]" and that § 7433 does not encompass a Fourth Amendment claim because "[t]he Fourth Amendment is not a provision of [the Internal Revenue Code], nor is it a regulation promulgated thereunder").  Counts II through IV fall outside the limited waiver of sovereign immunity conferred by Congress.  As such, they should be dismissed for lack of jurisdiction.  *See, e.g., Portsmouth Ambulance, Inc.*, 943 F. Supp. 2d at 13-14 (dismissing complaint for lack of jurisdiction where no waiver under 26 U.S.C. § 7433 was established); *Sawyers v. United States*, No. 3:15-cv-00873, 2016 WL 7223430, at *2-3 (W.D. Ky. Dec. 13, 2016) (same).

Even if this Court had subject matter jurisdiction over Counts II, III, and IV—which it does not—they would be dismissible under Rule 12(b)(6).[8]  First, Ridley has not properly exhausted his administrative remedies with regard to these Counts.  26 U.S.C. § 7433(a) permits a taxpayer to bring "a civil action for damages against the United States" if "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence" violates a provision of the Internal Revenue Code.[9]

The statute also provides that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff." 26 U.S.C. § 7433(d).  In *Hoogerheide v. I.R.S.*, 637 F.3d 634, 636–37 (6th Cir. 2011), the Sixth Circuit explained how a claim for damages under this statute is to be exhausted under the relevant Treasury Regulations:

> [A] Treasury Regulation provides one of the administrative remedies that must be exhausted: "An administrative claim ... shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433–1(e)(1).  The regulation adds that this administrative claim

---

[8] The discussion of Rule 12(b)(6) is presented in the alternative to the Rule 12(b)(1) issue.  A "Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction."  *Houchens v. Beshear*, 850 F. App'x 340, 342 (6th Cir. 2021) (citations omitted).

[9] Like a *Bivens* action, this statute permits an action an individual agent is sued, but does not waive sovereign immunity as to the federal agency itself.  *See F.D.I.C. v. Meyer*.

must include "[t]he dollar amount of the claim," *id.* § 301.7433–1(e)(2)(iv), "[a] description of the injuries incurred by the taxpayer filing the claim," *id.* § 301.7433–1(e)(2)(iii), and "[t]he name, current address, current home and work telephone numbers and any convenient times to be contacted ... of the taxpayer making the claim," *id.* § 301.7433–1(e)(2)(i).

In *Hoogerheide*, the Sixth Circuit found that the plaintiff had failed to exhaust his administrative remedies:

> Hoogerheide did not exhaust his administrative remedies, and the United States timely raised failure to exhaust as a defense in a motion to dismiss. For that reason his claim must be dismissed. The relevant letters, all attached to his complaint and incorporated by it, show that he failed to comply with the relevant exhaustion requirements. None of the letters from Hoogerheide or Hoogerheide's counsel are addressed to "the Area Director, Attn: Compliance Technical Support Manager of the area in which" Hoogerheide "resides." 26 C.F.R. § 301.7433–1(e)(1). None of the letters "include [s] ... [t]he dollar amount of the claim." *Id.* § 301.7433–1(e)(2)(iv). And none of the letters mentions a claim for damages against the IRS.

*Hoogerheide*, 637 F.3d at 639.

Similarly, when Ridley made a claim for a refund when he filed his return on November 7, 2017, he did not present any of the constitutional claims he raised in these Counts to the Area Director (or to anyone else), nor did he specify any damages or describe the injury incurred. Ridley's constitutional claims are therefore dismissible under Rule 12(b)(6), based on his failure to exhaust. *Id.*

In addition, Ridley fails to assert a plausible claim for which relief can be granted. In Count II, he alleges a violation of the Takings Clause of the Fifth Amendment. But taxes are not "takings." *See Intress v. United States*, 404 F. Supp.

3d 1174, 1182 (M.D. Tenn. 2019) ("Congress's taxing power is enshrined in the Constitution, U.S. Const. art. I, § 8, cl. 1, and it is long settled that taxes are not takings.") (citing *Brushaber v. Union Pac. R. Co.,* 240 U.S. 1, 24 (1916)); *see also Gregoline v. United States*, 99 Fed. Cl. 161, 168 (2011) ("[T]he lawful exercise of the Government's tax collection powers does not amount to a taking.").

In Count III, Ridley claims Due Process and Equal Protection violations, arguing that the tax assessments were "excessive fines."  ("The STATE violated RIDLEY'S Constitutional rights when they assessed a fine of $170k (approximate) then added interest and penalties to their false 2002 1040 tax return calculation without jurisdiction.").  (ECF No. 16, PageID.121-122).[10]  However, taxes are not fines.  *See United States v. Beaty*, 147 F.3d 522, 524-525 (6th Cir. 1998).

In Count IV, Ridley brings a claim under the Uniformity Clause found in Art. 1, § 8 of the Constitution, which provides that "all Duties, Imposts and Excises shall be uniform throughout the United States."  The Uniformity Clause was "designed to limit the national government's authority to wield its power over commerce to the disadvantage of particular states."  *Hazelwood v. United States*, 774 F.2d 1162, 1985 WL 13774, at *1 (6th Cir. 1985) (citing *United States v. Ptasynski*, 462 U.S. 74, 81 (1983)).

---

[10] An "excessive fines" claim would fall under the Eighth Amendment, not the Fifth Amendment.

Ridley's amended complaint does not set forth any plausible explanation of how the Uniformity Clause was violated.  In fact, it has no application to federal income tax.  In *Buchbinder v. Comm'r*, 60 T.C.M. (CCH) 1421, 1990 WL 199911, at *2 (T.C. 1990), the Tax Court termed the argument that the income tax violates the Uniformity Clause as one of  "a multitude of arguments that have been rejected as frivolous by this Court and every court."

In short, Ridley's claims for damages in Counts II through IV are dismissible under Rule 12(b)(6).

### C.    Count V

In Count V, Ridley seeks injunctive and declaratory relief.  Specifically, Ridley asks the Court to direct the IRS to "stop further collections actions until this case is resolved."  (ECF No. 16, PageID.124).  However, the Anti-Injunctive Act, 26 U.S.C. § 7421(a), plainly provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court for any reason."  Likewise, the Declaratory Judgment Act,  28 U.S.C. § 2201(a), explicitly carves out an exception "with respect to federal taxes."  In *Alexander v. Americans United, Inc.,* 416 U.S. 752, 759 n. 10 (1974), the Supreme Court noted that the scope of the "federal tax exception to the Declaratory Judgment Act is at least as broad as the prohibition of the Anti–Injunction Act."  Together, the Declaratory Judgment Act ("DJA") and Anti-Injunction Act ("AIA") deprive the Court of subject matter

jurisdiction to hear injunctive or declaratory claims regarding taxes. *See Cohen v. United States,* 650 F.3d 717, 729 (D.C. Cir. 2011) ("By design, the DJA tax exception . . . strips courts of jurisdiction to circumvent the [Anti–Injunction Act] by providing declaratory relief in cases 'restraining the assessment or collection of any tax.'"); *see also Jenkins v. Rucker*, 2005 WL 646715, at *2 (6th Cir. Jan. 11, 2005) ("Since the AIA and DJA are so similar, the analysis under the two provisions is identical.") (quoting *Nat'l Taxpayers Union, Inc., v. United States,* 68 F.3d 1428, 1435 (D.C. Cir. 1995) ("Because the AIA and DJA operate coterminously, the following analysis of the impact of the AIA upon [plaintiff's] complaint also determines the effect of the DJA.").

### D.    Ridley's Arguments

In his response to this motion, Ridley argues that "[t]he question before this court is whether or not the IRS can, without complying with the administrative procedures act on new procedures, take garnished funds from one year and apply them to another year without providing any notice or opportunity to dispute this transfer?"[11]  (ECF No. 22, PageID.228-229).  In support, he cites *CIC Services, LLC v. Internal Revenue Service*, 141 S.Ct. 1582 (2021).  (*Id*.).   He appears to base his Administrative Procedures Act ("APA") argument on the theory that the

---

[11] The notice and comment provisions of the Administrative Procedures Act are found at 5 U.S.C. § 553.

application of garnished funds to the 2002 tax year was done pursuant to a new

regulation without providing "notice and comment before such a procedure is

implemented." (*Id.*, Page ID.228). He adds that "[t]he IRS garnished the funds for

tax years between 2003 through 2017 and therefore should apply the garnished

funds to those years, unless the IRS has a proper procedure that has been instituted

following the APA." (*Id.*, PageID.229).

Ridley's APA argument is not well taken. First, he did not bring any claim

under the APA in his amended complaint, and by raising it in his response, he is

impermissibly attempting to amend his complaint. "[P]laintiffs may not amend

their complaint through a response brief." *Jocham v. Tuscola Cty.*, 239 F. Supp. 2d

714, 731–32 (E.D. Mich. 2003) (citing *Shanahan v. City of Chicago,* 82 F.3d 776,

781 (7th Cir.1996) ("A plaintiff may not amend his complaint through arguments in

his brief in opposition to a motion for summary judgment.")).

Second, as the Government points out, its efforts to collect Ridley's tax

liability for 2002 through its levy/garnishment procedures were not done pursuant

to any "rule making" requiring compliance with the notice-and-comment

requirements of the APA. Instead, "the levy was conducted pursuant to the IRS's

statutory levy authority under 26 U.S.C. § 6331(a)."  (ECF No. 25, PageID. 266-267).[12]

Third, the Supreme Court's decision in *CIC Services* is inapplicable to this case.  In *CIC Services*, the plaintiff brought suit under the APA, seeking an injunction against enforcement of an IRS regulation that imposed certain reporting requirements.  A violation of that regulation could result in a tax penalty and also criminal penalties.  The Supreme Court held that because the plaintiff's underlying challenge was to the regulation, not to the imposition of a tax, the complaint was not barred by the Anti-Injunction Act.  151 S. Ct. at 1593.  The Court stated, "A reporting requirement is not a tax; and a suit brought to set aside such a rule is not one to enjoin a tax's assessment or collection."  *Id*. 1588-1589.  The Court found that "the Notice levies no tax.  Rather, it compels taxpayers and their material advisors to collect and submit detailed information about micro-captive transactions and their participants."  *Id*. at 1591.

---

[12] 26 U.S.C. § 6331(a) provides as follows:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

Unlike *CIC Services*, Ridley does not seek to enjoin "a standalone reporting requirement, whose violation may result in both tax penalties and criminal punishment."  *Id*. at 1593.  Rather, in Count V he asks the Court to "stop further collections actions until this case is resolved."  (ECF No. 16, PageID.124).  This is a clear challenge to a tax that is barred by the Anti-Injunction Act, and nothing in *CIC Services* holds otherwise.

Ridley also argues that he did not receive notice of the levy, in violation of 26 U.S.C. § 6330(a)(1), which provides that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made." Ridley's notice argument is without merit because the Government complied with the statute.  26 U.S.C. § 6330(a)(2)(C) provides that such notice shall be "sent by certified or registered mail, return receipt requested, to such person's last known address."  The Government correctly points out that the plain language of the statute requires *sending* of the notice, not *receipt* of the notice.  (ECF No. 25, PageID.268).  The Account Transcript shows that the Government issued a levy notice for the year 2002 on November 14, 2008.  (ECF No. 16-1, PageID.139).  An entry dated December 15, 2008 indicates that the notice was "refused or unclaimed."  (*Id*.).  That entry would have been based on a return receipt.  In any event, the Government "enjoys a presumption of administrative regularity with

20

respect to the acts of its officials." *Coplin v. United States*, 1991 WL 270831, *3 (6th Cir. Dec. 17, 1991)(Table).  To rebut this presumption, a plaintiff must "come forward with evidence tending to show that the IRS did not follow a mandated procedure." *Id*.  Ridley has not done so.[13]

## V.    Conclusion

For the reasons set forth above, it is RECOMMENDED that the Government's motion to dismiss (ECF No. 21) be GRANTED IN PART AND DENIED IN PART.  The motion should be DENIED as to the claim in Count I for a refund or re-allocation of funds garnished after May 7, 2014.  The motion should be GRANTED, under Fed. R. Civ. P. 12(b)(1), as to any funds collected before May 7, 2014.

It is FURTHER RECOMMENDED that the motion be GRANTED as to Counts II, III, IV, and V under either Fed. R. Civ. P. 12(b)(1) or 12(b)(6).

Dated: January 12, 2022                              s/Kimberly G. Altman
Detroit, Michigan                                    KIMBERLY G. ALTMAN
                                                     United States Magistrate Judge

---

[13] The Government also notes that the IRS transcripts for the 2003 and 2004 tax years show that similar notice were sent to Ridley on the same day as the notice for 2002 (November 14, 2008), and were also returned as refused or unclaimed. (ECF 25, PageID.268; ECF 16-1, PageID.150, 153).  In his response, Ridley agreed that the IRS "followed its required procedures and garnished his wages" for tax years 2003 through 2017.  (ECF No. 22, PageID.230).

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 12, 2022.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager